# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5765 | **DATE** | 7/30/2012 |
| **CASE TITLE** | John Williams vs. The State of Illinois, et al | | |

**DOCKET ENTRY TEXT**

This case is dismissed without prejudice. Mr. Williams has leave to reinstate it within 30 days, but any motion for reinstatement must be accompanied by a proposed complaint that states timely claims against non-immune Defendants, claims that arose in this district. Motion for appointment of counsel [3] and application to proceed *in forma pauperis* [4] are denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

Plaintiff John Williams has tendered a *pro se* complaint, together with an application for leave to proceed without prepayment of fees (*in forma pauperis* application). Before granting that application, the court reviews the proposed complaint to satisfy itself that it states a valid claim against non-immune Defendants.

The complaint's allegations describe an incident that occurred on December 5, 2003 at Mr. Williams's home in Bloomington, Illinois. Plaintiff has named a number of Defendants allegedly liable for having arrested him on that date without probable cause. Another incident described in the complaint occurred on November 18, 2003, "on a public street adjacent to the University"–a reference, as the court understands it, to Illinois State University in Bloomington, Illinois. Defendant Eric Lutz and a John Doe Defendant allegedly detained Plaintiff on that date and searched his book bag, then transported Plaintiff to a hospital over his objection. Without identifying which Defendants are specifically responsible for each claim, Plaintiff has asserted ten claims for relief: a "civil rights violation"; false arrest; intentional infliction of emotional distress; negligence, "outrageous conduct," "negligent supervision," "negligent training," and malicious prosecution. He seeks hundreds of thousands of dollars in damages.

For several reasons, the court concludes that the complaint in its current form must be dismissed. First, it appears that Mr. Williams has already brought a lawsuit arising out of the same incidents identified in his new complaint. That earlier lawsuit, *Williams v. State of Illinois*, No. 04 C 7510, was assigned to Judge Zagel, who dismissed the case on initial review, noting that it had been filed in the wrong venue and appeared to be barred by the Eleventh Amendment to the U. S. Constitution. If Mr. Williams pursued his claims in another court at that time, the determination made earlier would bar this new case under the doctrine of *res judicata*.

If Mr. Williams took no further action in 2004, Judge Zagel's dismissal may be deemed a dismissal of this

**STATEMENT**

case without prejudice. In that event, there may be no *res judicata* bar, but this court would dismiss it anyway, as grossly untimely. The statute of limitations for challenging any conduct that took place in 2003 is long past.

Finally, this new lawsuit must be dismissed for the same reasons identified by Judge Zagel back in 2004: The Eleventh Amendment bars any action against the State of Illinois for recovery of damages (the relief Plaintiff Williams seeks here). And if there were some basis on which Mr. Williams could proceed against any of the individual Defendants, the court notes that any such claim should be brought in the appropriate venue–an Illinois state court in Bloomington or the federal court for the Central District of Illinois, where all of the relevant incidents took place.

This case is dismissed without prejudice. Mr. Williams has leave to reinstate it within 30 days, but any motion for reinstatement must be accompanied by a proposed complaint that states timely claims that arose in this district against non-immune Defendants.

*Rebecca R. Pallmeyer*

12C5765 John Williams vs. The State of Illinois, et al

Page 2 of 2